In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 14-3791

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID A. RESNICK,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:11 CR 68 — **James T. Moody**, *Judge.*

---

On Petition for Rehearing En Banc.

---

DECIDED JULY 28, 2016

---

Before WOOD, *Chief Judge*, BAUER, POSNER, FLAUM, EASTERBROOK, KANNE, ROVNER, WILLIAMS, SYKES, and HAMILTON, *Circuit Judges*.

WOOD, *Chief Judge*. On consideration of the petition for rehearing with suggestion for rehearing en banc filed by defendant-appellant on June 7, 2016, a majority of the judges

on the original panel voted to deny rehearing and a majority of the judges in active service voted to deny rehearing en banc. Judge William J. Bauer voted to grant rehearing but did not take part in the vote to rehear en banc. Judges Richard A. Posner, Joel M. Flaum, and Michael S. Kanne voted to grant rehearing en banc. Judges Bauer, Posner, Flaum, and Kanne dissented from the denial of the rehearing and rehearing en banc and filed an opinion.

The petition is therefore DENIED.

BAUER, POSNER, FLAUM, and KANNE, *Circuit Judges*, dissenting from the denial of rehearing en banc. The majority opinion makes two damaging admissions. The first is its statement that "our decisions have, in practice, pointed in only one direction: affirming the *exclusion* of polygraph evidence. There is no scientific consensus that polygraph testing is reliable, and there is a significant possibility of unfair prejudice if it is introduced into evidence at trial" (emphasis in original). The second is its statement, quoting *Garmon v. Lumpkin County*, 878 F.2d 1406, 1410 (11th Cir. 1989), that "because a criminal defendant's constitutionally protected silence may not be used against her, the natural corollary to that rule is that generally a defendant's refusal to submit to a polygraph examination cannot be used as incriminating evidence." In other words, "it is improper for a witness to testify whether or not a criminal defendant refused to submit to a polygraph test." *United States v. St. Clair*, 855 F.2d 518, 523 (8th Cir. 1988).

Because polygraph (i.e., lie-detector) evidence is unreliable, its introduction in a trial creates a significant possibility of unfair prejudice, and a defendant therefore has a constitutional right not to have his refusal to submit to a polygraph be used in evidence against him as an admission of guilt. The government is "prohibit[ed] … from 'treat[ing] a defendant's exercise of his right to remain silent at trial as substantive evidence of guilt.'" *United States v. Ochoa-Zarate*, 540 F.3d 613, 617 (7th Cir. 2008), quoting *United States v. Robinson*, 485 U.S. 25, 34 (1988). Therefore if a defendant refuses to testify, or invokes his *Miranda* rights, the prosecutor cannot comment to the jury on his refusal to take a polygraph test.

Most people, moreover, would be made nervous at the thought of having to take a lie-detector test, and this doubtless deters many law-abiding people from agreeing to take the test. For we now know that being nervous cannot be treated as a confession of guilt—that there are nervous truth-tellers as well as nervous liars, and confident liars as well as nervous liars. See Jeremy

A. Blumenthal, "A Wipe of the Hands, a Lick of the Lips: The Validity of Demeanor Evidence in Assessing Witness Credibility," 72 *Nebraska L. Rev.* 1157 (1993). These problems affect the reliability of polygraph evidence. See Renée McDonald Hutchins, "You Can't Handle the Truth! Trial Juries and Credibility," 44 *Seton Hall L. Rev.* 505, 524–32, 529 n. 100 (2014).

The principles that we've enunciated, which are endorsed by the majority, require that the judgment be vacated and the case remanded for a new trial. Against this all the majority can marshal is the doctrine of "plain error," an exacting standard designed to enforce finality in litigation and encourage counsel to raise objections in the district court instead of waiting for a possible appeal. Although there is a valid interest in the finality of litigation, served by the plain-error standard, it is outweighed by the concerns presented by this case. There is too much at stake, not only for the defendant but for the criminal-trial process in general. What can be a simpler or more effective prosecutorial tactic than simply to ask the defendant whether he'll agree to take a polygraph test, and if he refuses, as he is likely to do whether under his own steam or by advice of counsel, parade his refusal before the jury, arguing that it amounts to a confession of guilt—and if he appeals cite the decision in the present case.

We need not go so far as to advocate a ban on all polygraph evidence in criminal trials; the fact that it is unreliable doesn't distinguish it from a lot of other sometimes unreliable evidence— eyewitness evidence for example—that is frequently admitted at trial. We contend only that if a suspect refuses to take a polygraph examination, the government shouldn't be allowed to introduce the refusal as substantive evidence or to comment on the refusal to the jury. Adopting the narrower rule that we are suggesting would align us with the prevailing judicial recognition of an expansive right against self-incrimination, see, e.g., *Griffin v. California*, 380 U.S. 609 (1965); *Miranda v. Arizona*, 384 U.S. 436 (1966),

coupled with the concern, not limited to us, that polygraphs are unreliable trial evidence. See, e.g., *United States v. Scheffer*, 523 U.S. 303, 309–10 (1998); *United States v. Lea*, 249 F.3d 632, 638–39 (7th Cir. 2001).

The government argues that because of the "overwhelming evidence of guilt" in this case the defendant can't prove that the prosecution's submitting and commenting on his refusal to submit to a polygraph test affected the verdict. The implication, seemingly adopted by the panel majority, is that if the government presents enough evidence of guilt it can then for good measure top off that evidence with evidence that violates a constitutional right, ignores evidentiary rules, and tempts the jury to abdicate its role as factfinder. There is no evidentiary demarcation line that when traversed with enough damning evidence of guilt permits the government and the court to deny a criminal defendant the right to a fair jury trial.

That the polygraph is at the center of this controversy is important. A polygraph is an instrument designed to determine whether the person examined is telling the truth. But polygraphs are not reliable truth-telling tools, and determining credibility is the jury's duty. The introduction of and comment on evidence that a suspect refused to take a polygraph test signals to the jury that polygraph evidence is reliable, though it is not, and that the suspect's refusal to talk evidences consciousness of guilt when courts have consistently held that this is an impermissible inference. It could also signal to the jurors that their own instincts do not matter when determining credibility—that the results of a polygraph test (or the refusal of the defendant or a witness to have taken the test) supersede their common sense—and so they might as well ignore their duty as factfinders. In *United States v. Scheffer*, *supra*, 523 U.S. at 313, a plurality of Justices agreed that "by its very nature, polygraph evidence may diminish the jury's role in making credibility determinations." The potential for this

effect contradicts the government's assertion that the defendant cannot show that the government's tactics affected the jury. Rather those tactics infected the trial and rendered it unfair, no matter how "overwhelming" the evidence against the defendant.

Such tactics should not be tolerated. Reversal would send the right signal; this affirmance sends the wrong one. Resnick deserves a new trial.